UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PHILADELPHIA INDEMNITY INSURANCE COMPANY            PLAINTIFF

v.                                          CIVIL ACTION NO. 3:09CV-347-S

YOUTH ALIVE, INC., et al.                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of petitioners Marc Hampton, Frankie Shields and Robin Briggs Shields, to intervene in this declaratory judgment action, pursuant to Fed.R.Civ.P. 24. (DNs 20; 21). Marc Hampton is the administrator of the estates of Jemar, Demar, and Marc Claybrooks. Frankie and Robin Briggs Shields are the co-administrators of the estate of Arron Shields (hereinafter, collectively "the estates"). The three Claybrooks brothers and Arron Shields were killed on December 18, 2008 when the vehicle in which they were riding crashed into a tree when the unlicensed driver of the vehicle attempted to evade police.

This action was brought by Philadelphia Indemnity Insurance Company ("PIIC") against a non-profit community youth program, Youth Alive, Inc. and Chanika Bartee, parent and guardian of the unlicensed minor driver of the vehicle, seeking a declaratory judgment that there is no coverage or duty to defend under either the Commercial General Liability Insurance Policy or the Commercial Excess Liability Insurance Policy issued by PIIC.

The essential facts giving rise to the coverage issue are undisputed.

Youth Alive, Inc. ("Youth Alive") was a Kentucky non-profit corporation offering community youth activities. Youth Alive has indicated that it is now insolvent and has ceased operations.[1] Youth Alive is actively represented in this action at the present time.

On December 18, 2008, Youth Alive transported a group of young people to the Presbyterian Community Center to attend a Christmas pageant. They traveled in three vans owned by Youth Alive and a number of other private vehicles. At the conclusion of the event, the three Claybrooks brothers and Arron Shields left the Community Center in a vehicle operated by an underage unlicensed youth. The affiliation, if any, of the youth with Youth Alive is disputed as are the circumstances under which it was determined that the boys would travel in this vehicle. The vehicle was, in fact, stolen. When police officers attempted to stop the vehicle, a high-speed chase ensued. The driver lost control of the vehicle, striking a tree and killing the Claybrooks brothers and Shields. The driver survived the crash.

Youth Alive maintained three policies of insurance. It maintained a Commercial General Liability Policy and a Commercial Excess Liability Policy with PIIC, and a Commercial Automobile Policy covering the three vans with United Financial Casualty Company. Here PIIC contends that there is no coverage under the CGL and Excess policies nor any duty under the policies to defend against wrongful death claims brought by the decedents' estates.[2]

---

[1] Youth Alive's Memorandum in Support of Motions to Intervene (DN 30), p. 1. It has not filed an affidavit verifying this statement. However, it states at fn. 3, p. 5 that "The cessation of Youth Alive's operations has been widely reported, and its financial status is undisputed. But if any party questions Youth Alive's financial or business status, Youth Alive is prepared to provide an affidavit certifying its cessation of operations and insolvency."

[2] There is a related action brought by United Financial Casualty Company, the insurer of the vans owned and operated by Youth Alive, Inc. That matter is not in issue here.

The estates seek to intervene in the declaratory judgment action brought by PIIC pursuant to Fed.R.Civ.P. 24. Because we find that the estates may not properly intervene in this action under either subsection (a) or (b) of the rule, we will deny leave to file the proposed answers and cross-claims and order them stricken in accordance with the motion of PIIC (DN 32).

We find no basis for the estates to intervene in this action as of right, despite their urging that they must be permitted to enter the case to ensure adequate representation of their positions with respect to the coverage issues raised by PIIC. As more fully discussed below, the estates are strangers to the insurance contracts between PIIC and Youth Alive. As such, they do not possess the requisite substantial legal interest in the subject of the action to permit intervention as of right under Rule 24(a). Youth Alive is presently actively and vigorously represented in the coverage matter. The estates have shown only a ill-defined concern that such representation may not continue at some point in the future.

Further, the estates have not identified a common question of law or fact that would militate in favor of permissive intervention under Rule 24(b). "The issue of insurance coverage is unrelated to the issue of fault in the wrongful death action." *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

Fed.R.Civ.P. 24(a) provides:

**Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

...(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may, as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Sixth Circuit, proposed intervenors must establish (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest. *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999). The United States Court of Appeals for the Sixth Circuit has taken a "rather expansive notion of the interest sufficient to invoke intervention as of right." *Grutter*, 188 F.3d at 398, *quoting Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). No specific legal or equitable interest is required, but rather the question as to substantiality of the claimed interest is fact-specific. *Id.* Close cases should be resolved in favor of permitting intervention under Rule 24(a). *Miller*, 103 F.3d at 1247. However, "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 292 (6th Cir. 1983).

To intervene as of right, a substantial legal interest must be established. This is an action for declaration of rights under contracts of insurance. The estates are not parties to these contracts and have no legal right to contend for or against coverage. Under Kentucky law, the estates may not assert a direct action against PIIC. *Cuppy v. General Accident Fire & Life Insurance Corp.*, 378 S.W. 2d 629 (Ky. 1964). Moreover, the estates do not even have a judgment against Youth Alive. Therefore, their "practical" interest is, at best, contingent. There are insufficient grounds for intervention under Rule 24(a). *See, Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 219 (3d Cir. 2005).

Further, Youth Alive is represented on the coverage question. The estates cite *Grutter*, *supra.*, for the proposition that "[t]he proposed intervenor need only show that there is a *potential* for inadequate representation." *Grutter*, 188 F.3d at 400. We find this proposition to be inapplicable in the present case where the issue is not one of group representation in the civil rights context as in *Grutter*. Rather we have a question of coverage under insurance contracts to which the proposed intervenors are strangers. The court is unpersuaded by the district court cases of *St. Paul Fire & Marine Insurance Co. v. Summit-Warren Industries, Co.,* 143 F.R.D. 129, 134 (N.D.Ohio 1992) and *Hampshire Insurance Co. v. Greaves*, 110 F.R.D. 549, 552 (D.R.I. 1986) Those decisions are not binding authority for this court, nor are they persuasive under the instant facts.

A review of the proposed cross-claims illustrates why intervention would also be improper under Rule 24(b) which states, in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action...(2) when an applicant's claim or defense and the main action have a question of law or fact in common...In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The estates assert (1) negligent supervision of the decedents, (2) failure to warn the decedents of a known danger, (3) failure to properly train its employees and agents, (4) negligent entrustment of the care of the decedents, all against Youth Alive, and additionally, negligence as against the minor driver and his mother. These claims clearly differ from the issue and far exceed the scope of the singular matter of coverage to be addressed in the declaratory judgment action. PIIC's claim is limited to a determination whether certain automobile exclusions contained in the

policies preclude coverage and/or a duty to defend Youth Alive against claims arising from the accident.

For these reasons, the court concludes that intervention by the estates is not appropriate under Fed.R.Civ.P. 24 (a) or (b) and will be denied.

Motions having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

> 1. The motion of Marc Hampton, Administrator of the Estates of Jemar, Demar, and Marc Claybrooks, to intervene as a defendant in this action pursuant to Fed.R.Civ.P. 24(a)(DN 20) is **DENIED.**
>
> 2. The motion of Frankie Shield and Robin Briggs Shields, Co-Administrators of the Estate of Arron Shields, to intervene as defendants in this action pursuant to Fed.R.Civ.P. 24(a)(DN 21) is **DENIED.**
>
> 3. The motion of the plaintiff, Philadelphia Indemnity Insurance Company, to strike the proposed cross-claims of the intervenors (DN 32) is **GRANTED**.
>
> 4. The proposed **Answer and Cross-Claim** of Marc Hampton (DN 19) and the proposed **Answer and Cross-Claim** of Frankie Shields and Robin Briggs Shields (DN 22) are ordered **STRICKEN FROM THE RECORD.**

**IT IS SO ORDERED.**